UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-2215-DJS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Ronald Bolden (registration no. 67343) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $00.00, and an average monthly account balance of $00.00.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Correctional Medical Services (CMS). Plaintiff alleges that he suffers from a high muscle enzyme count which, if untreated, can result in kidney failure. He further alleges that CMS staff was informed of his pre-existing condition and that he has made numerous requests to see a doctor, but has yet to see one. Plaintiff asks this Court to hold CMS responsible for its negligence.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous as to defendant CMS, because plaintiff has failed to assert any allegations against this corporate defendant. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993)(to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused

3

actionable injury; corporation will be held liable only for its own unconstitutional policies); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Moreover, mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). For these reasons, the complaint will be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of December, 2010.

                                        **/s/ Donald J. Stohr**
                                        **UNITED STATES DISTRICT JUDGE**